98 F.3d 1343
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry Lynn WALKER, Plaintiff-Appellant,
v.
Vertner TAYLOR, Medical Director, Kentucky Corrections
Cabinet; David Donahue, Warden, Marion Adjustment
Center--Bluegrass Detention Center; Jerry Ballard, Program
Director, Marion Adjustment Center--Bluegrass Detention
Center; Rick Smithly, Unit Director, Marion Adjustment
Center--Bluegrass Detention Center; Francis Glasscock,
Nurse, Marion Adjustment Center--Bluegrass Detention Center;
Judy Bland, Nurse, Marion Adjustment Center--Bluegrass
Detention Center, Defendants-Appellees.
 No. 95-6570.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1996.
 
 1
 Before: KENNEDY, DAUGHTREY, and WEIS,* Circuit Judges.
 
 ORDER
 
 2
 Jerry Lynn Walker, a pro se Kentucky prisoner, appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and equitable relief, Walker sued a member of the Kentucky Corrections Cabinet (Taylor) and five prison officials at the Marion Adjustment Center (Marion) in their individual and official capacities. Relying on the Eighth and Fourteenth Amendments, Walker asserted claims of denial of medical treatment and conspiracy. Walker also asserted supplemental state law claims. The district court granted summary judgment in favor of the defendants. The court reasoned that the statute of limitations, see Collard v. Kentucky Bd. of Nursing, 896 F.2d 179, 182 (6th Cir.1990), barred any claim against the Marion officials, and that Taylor was not deliberately indifferent to Walker's medical needs.
 
 
 4
 Walker has filed a timely appeal. His pro se brief is liberally construed as reasserting his claim that defendants denied him medical treatment. He also argues that the district court incorrectly applied the statute of limitations, and he moves for appointment of counsel.
 
 
 5
 Initially, we note that the district court overlooked Walker's conspiracy claim, but we conclude that the omission does not warrant vacating the district court's judgment and remanding for further consideration because Walker effectively abandoned the claim in the district court and relief on the claim was implicitly denied. See Ford Motor Co. v. Transport Indem. Co., 795 F.2d 538, 543 (6th Cir.1986).
 
 
 6
 This court's review of a grant of summary judgment is de novo; it uses the same test as used by the district court. Harrow Prods., Inc. v. Liberty Mut. Ins. Co., 64 F.3d 1015, 1019 (6th Cir.1995). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); accord Harrow Prods., Inc., 64 F.3d at 1019.
 
 
 7
 Upon review, we conclude that the district court properly granted summary judgment in favor of the defendant for the reasons set forth in its opinion. Walker's claim as to the Marion officials was barred by the statute of limitations. See Ky.Rev.Stat.Ann. § 413.140(1)(a) (Michie 1992); Collard, 896 F.2d at 182. Walker's claim as to Taylor was properly dismissed as there is no evidence that he delayed or denied treatment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Thus, he was not deliberately indifferent to Walker's health. Id. at 104.
 
 
 8
 Accordingly, Walker's motion for appointment of counsel is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph F. Weis, Jr., Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation